**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Infracapital F1 S.à r.l.,<br><br>    28 Boulevard F.W. Raiffeisen,<br>    2411 Luxembourg,<br>    Grand Duchy of Luxembourg<br><br>Infracapital Solar B.V.<br><br>    Basisweg 10, 1043AP<br>    Amsterdam, the Netherlands<br><br>        *Petitioners*,<br><br>    v.<br><br>Kingdom of Spain,<br><br>    Abogacia General del Estado<br>    Calle Ayala, 5 28001 – Madrid<br>    Spain<br><br>        *Respondent.* | Civil Action No. 1:26-cv-1519 |

**<u>PETITION TO ENFORCE ARBITRAL AWARD</u>**

Petitioners Infracapital F1 S.à r.l. and Infracapital Solar B.V. (together "Infracapital" or "Petitioners") bring this action to enforce an arbitral award (the "Award") issued on May 2, 2023, in ICSID Case No. ARB/16/18 against Respondent, the Kingdom of Spain ("Spain"), following arbitration proceedings before a tribunal constituted by the International Centre for Settlement of Investment Disputes ("ICSID") and conducted in accordance with the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"). Pursuant to Article 54 of the ICSID Convention and 22 U.S.C. § 1650a, arbitral awards issued under the ICSID Convention are not subject to collateral attack—that is, a federal

court has no jurisdiction to examine the issues disputed in the award proceedings—and must be enforced and given the same full faith and credit as if the award were a final judgment of a state court in the United States. Accordingly, Petitioners request that this Court (1) enter an order enforcing the Award in the same manner as a final judgment issued by a court of one of the several states, and (2) enter judgment in Petitioners' favor in the amounts specified in the Award, converted to U.S. dollars.

A certified copy of the Award is attached as Exhibit A to the Declaration of Matthew D. McGill ("McGill Declaration"), Exhibit 1 hereto. The Tribunal's prior September 13, 2021 Decision on Jurisdiction, Liability, and Directions on *Quantum* ("Jx. Dec.") is incorporated by reference into the Award and attached as an Annex to it. *See* Award ¶ 8. The Tribunal's Decision on the Requests for Rectification ("Rectification Dec.") is attached as Exhibit B to the McGill Declaration.

A copy of the ICSID Convention is attached hereto as Exhibit 2.

### Parties

1.      Petitioner Infracapital F1 S.à r.l. is a private limited liability company incorporated under the laws of Luxembourg.

2.      Petitioner Infracapital Solar B.V. is a private limited liability company incorporated under the laws of the Netherlands. Infracapital Solar B.V. is directly and wholly owned by Infracapital F1 S.à r.l.

3.      Respondent, the Kingdom of Spain, is a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1332, 1391(f), 1602–1611.

2

**Jurisdiction and Venue**

4.      This Court has subject-matter jurisdiction over this action pursuant to the FSIA, 28 U.S.C. § 1330(a), because this is a "nonjury civil action against a foreign state" on a claim "with respect to which the foreign state is not entitled to immunity" under the FSIA.

5.      Pursuant to Section 1605(a)(1) of the FSIA, Spain is not entitled to immunity from this Court's jurisdiction in an action to enforce an ICSID award because it has waived that immunity by agreeing to the ICSID Convention. *See Tatneft v. Ukraine*, 771 F. App'x 9, 9 (D.C. Cir. 2019) (per curiam); *Blue Ridge Invs., L.L.C. v. Republic of Argentina*, 735 F.3d 72, 84 (2d Cir. 2013).

6.      Further, pursuant to Section 1605(a)(6) of the FSIA, Spain is not immune from suit because this is an action to enforce an arbitral award made pursuant to the arbitration provision of an investment treaty, *see infra* ¶¶ 10–26, and enforcement is governed by the ICSID Convention, which is a treaty in force in the United States for the recognition and enforcement of arbitral awards. *See Chevron Corp. v. Ecuador*, 795 F.3d 200, 204–06 (D.C. Cir. 2015).

7.      This Court also has subject-matter jurisdiction pursuant to 22 U.S.C. § 1650a(b), which provides that "[t]he district courts of the United States . . . shall have exclusive jurisdiction over actions and proceedings" to enforce awards entered under the ICSID Convention.

8.      Upon service of this petition, this Court will have personal jurisdiction over Spain pursuant to the FSIA, 28 U.S.C. § 1330(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(4).

9.      The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, does "not apply to enforcement of awards rendered pursuant to the [ICSID] convention." 22 U.S.C. § 1650a(a). Thus, the FAA's jurisdictional requirements do not apply to this action.

**The Underlying Dispute**

10.     Beginning in 1997, Spain adopted legislation that liberalized its electricity market and sought to attract investment in renewable energies, including solar photovoltaic technology, within its territory. Jx. Dec. ¶¶ 113–30. In reliance on the financial incentives and inducements provided by these legislative measures, Infracapital invested in photovoltaic energy plants in Spain. Jx. Dec. ¶¶ 110, 174–83. After a change in governmental leadership, Spain adopted a series of laws between 2012 and 2014 retrenching on, and eventually revoking, the economic incentives on which Infracapital had relied in investing in renewable energy. Jx. Dec. ¶¶ 158–73.

11.     The investments that Infracapital made in renewable energy in Spain were protected by the Energy Charter Treaty ("ECT") (Exhibit 3 hereto), which "establishes a legal framework [for] promot[ing] long-term cooperation in the energy field," ECT, art. 2, and seeks to "create stable, equitable, favourable and transparent conditions for Investors . . . includ[ing] a commitment to accord . . . fair and equitable treatment," *id.* art. 10(1). Jx. Dec. ¶¶ 216–20, 228, 299, 496.

12.     The ECT protects investments in the territory of a "Contracting Party" to the treaty by "Investors" located or incorporated in "other Contracting Parties." ECT, arts. 1(7), 10(1), 26.

13.     Spain, Luxembourg, and the Netherlands are each Contracting Parties to the ECT, so the ECT protects investments in Spain by investors, like Petitioners, located or incorporated in Luxembourg and the Netherlands. Jx. Dec. ¶¶ 216–20, 228.

14.     Contracting Parties to the ECT consent to submit disputes arising under that treaty to arbitration. Article 26(3)(a) of the ECT provides that "each Contracting Party hereby gives its unconditional consent to the submission of a dispute to international arbitration . . . in accordance with the provisions of this Article." Article 26(4)(a)(i) further provides that where "the Contracting Party of the Investor and the Contracting Party . . . to the dispute are both parties to the ICSID

Convention," the dispute will be submitted for arbitration under that convention. Accordingly, Spain consented to arbitrate the underlying dispute pursuant to the ICSID Convention.

### The ICSID Arbitration

15.     On June 20, 2016, Infracapital filed a request with ICSID for arbitration under the ICSID Convention. Jx. Dec. ¶ 6. Infracapital contended that Spain's legislative and regulatory actions that retrenched on the incentives offered to their renewable energy investments constituted breaches of Spain's obligations under the ECT. Jx. Dec. ¶¶ 184, 500–06.

16.     An ICSID arbitral tribunal ("the Tribunal") was constituted on October 24, 2017. Jx. Dec. ¶ 14.

17.     Spain objected to the Tribunal's jurisdiction, and the Tribunal conducted an initial hearing from June 24 through June 27, 2019, in Paris, France. Jx. Dec. ¶ 40.

18.     Spain raised a further "Clean Hands Objection" and the Tribunal conducted a second hearing on February 27, 2020, in London. Jx. Dec. ¶¶ 81–82.

19.     On September 13, 2021, the Tribunal issued its Decision on Jurisdiction, Liability and Directions on *Quantum*, determining that the ICSID Tribunal had jurisdiction to hear the claims of breach of the ECT, except as to a narrow dispute regarding certain tax measures. Award ¶¶ 6–7. On the merits, the Tribunal determined that Spain's measures retrenching on its renewable energy incentives breached Spain's obligation under Article 10(1) of the ECT in two ways: (1) "by clawing back past remuneration" and (2) by "fail[ing] to ensure payment to [Infracapital] of a reasonable rate of return on their investment." Award ¶ 7. The Tribunal reserved a final decision on the amount of damages and a decision on costs for an additional phase of arbitration. Award ¶ 7. The Tribunal rejected other claims brought by Infracapital. Jx. Dec. ¶ 793.

20.     One member of the Tribunal, Professor Peter D. Cameron, partially dissented from the Decision on Jurisdiction, Liability and Directions on *Quantum* and would have ruled for Infracapital on even those claims rejected by the Tribunal, which would have resulted in an even greater award of compensation to Infracapital. Jx. Dec. ¶ 822; Jx. Dec. (Dissenting Op.) ¶ 57.

21.     Between October 2021 and December 2022, Spain submitted three requests for reconsideration of the Tribunal's Decision on Jurisdiction, Liability and Directions on *Quantum*, and the Tribunal issued three decisions denying those requests. Award ¶¶ 11–23.

22.     On May 2, 2023, the Tribunal entered an arbitral award in Infracapital's favor. In the Award, the Tribunal ordered Spain to pay Infracapital EUR 24,900,000 as compensation, in addition to pre-award interest on that amount calculated at a rate equal to 1.2973% from June 2014 through May 2, 2023, as well as post-award interest at a rate equal to 2.2973%, compounded monthly, from the date of the Award until such payment is made. Award ¶ 219. The Tribunal also ordered Spain to reimburse Infracapital 60% of the expended portion of Infracapital's expenses advanced to ICSID (which totaled USD 855,000, *see* Award ¶ 193), and to pay Infracapital arbitration costs and fees in the amount of GBP 2,272,503.38 and EUR 292,598.46, together with interest calculated at a rate equal to 2.2973%, compounded monthly, from May 2, 2023 until such payment is made. Award ¶ 219.

23.     On September 26, 2023, the Tribunal issued a Decision on the Requests for Rectification, in which it made minor modifications to two paragraphs in the award—clarifying the Tribunal's reasoning in one sentence and addressing a clerical error (the omission of the word "not") in another sentence, without impacting the analysis, conclusions, or relief granted by the Award. Rectification Dec. ¶¶ 80–83, 91.

24.     On January 24, 2024, Spain filed an application for annulment of the Award and requested a provisional stay of enforcement of the Award and continuation of the stay of enforcement until the *ad hoc* committee renders a decision in the annulment proceeding. The *ad hoc* committee issued the provisional stay, but on December 23, 2024, the *ad hoc* committee lifted the stay. In the absence of a stay of enforcement, the Award is immediately binding on Spain and enforceable pursuant to the ICSID Convention. *See* ICSID Convention, art. 53(1) ("Each party shall abide by and comply with the terms of the award except to the extent that enforcement shall have been stayed pursuant to the relevant provisions of this Convention.").

25.     The annulment proceedings were declared closed on April 6, 2026, and a Decision on Annulment is expected by May 11, 2026.

26.     Spain has not made any payments on the Award to date.

### Legal Basis for Relief

27.     The ICSID Convention provides that contracting parties must "recognize an award rendered pursuant to [the] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State." ICSID Convention art. 54(1). The ICSID Convention further provides that a contracting state "with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state." *Id.*

28.     The United States is a contracting party to the ICSID Convention and is therefore obligated to enforce the Award as if it were a final judgment of a court in the United States.[1] That obligation is fulfilled through 22 U.S.C. § 1650a(a), which provides:

---

[1] ICSID, *List of Member States–ICSID/3*, bit.ly/3w4CZTn.

> An award of an arbitral tribunal rendered pursuant to chapter IV of the convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States. The Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention.

29. Awards issued pursuant to the ICSID Convention are not subject to collateral attack in enforcement proceedings under 22 U.S.C. § 1650a. Contracting states' courts are "not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the Convention's terms, they may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award." *Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela*, 87 F.4th 510, 515 (D.C. Cir. 2023) (quoting *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 100, 102 (2d Cir. 2017)).

30. The ICSID Convention therefore "reflects an expectation that the courts of a member nation will treat the award as final." *Valores*, 87 F.4th at 518 (quoting *Mobil*, 863 F.3d at 102); *see also* ICSID Convention arts. 53(1), 54(1). Consistent with this mandate, 22 U.S.C. § 1650a(a) provides that the FAA "shall not apply to enforcement of awards rendered pursuant to the convention," thereby "mak[ing] [the FAA's defenses] unavailable to ICSID award-debtors in federal court enforcement proceedings." *Mobil*, 863 F.3d at 120–21. District courts thus enforce ICSID awards without allowing substantive challenges to the awards. *See, e.g.*, *Blasket Renewable Invs. LLC v. Kingdom of Spain*, 2025 WL 3516146, at *6–8 (D.D.C. Sept. 11, 2025); *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, 2025 WL 2374517, at *3 (D.D.C. Aug. 14, 2025); *Blasket Renewable Invs., LLC v. Kingdom of Spain*, 2025 WL 2336428, at *4–7 (D.D.C. Aug. 13, 2025); *Infrastructure Servs. Luxembourg S.A.R.L. v. Kingdom of Spain*, 2025 WL 2320406, at *4–5 (D.D.C. Aug. 12, 2025), *appeal docketed*, No. 25-7174 (D.C. Cir. Oct. 31, 2025); *Blasket*

*Renewable Invs. v. Kingdom of Spain*, 2025 WL 2320368, at *3–5 (D.D.C. Aug. 12, 2025); *Blasket Renewable Invs., LLC v. Kingdom of Spain*, 2024 WL 4298808, at *8 (D.D.C. Sept. 26, 2024); *Perenco Ecuador Ltd. v. Republic of Ecuador*, 2023 WL 2536368, at *5 (D.D.C. Mar. 16, 2023); *Tethyan Copper Co. PTY Ltd. v. Islamic Republic of Pakistan*, 590 F. Supp. 3d 262, 276 (D.D.C. Mar. 10, 2022); *Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, 2018 WL 6605633, at *6 (D.D.C. Dec. 17, 2018); *Duke Energy Int'l Peru Invs. No. 1 Ltd. v. Republic of Peru*, 904 F. Supp. 2d 131, 132–34 (D.D.C. 2012); *Republic of Panama v. Jurado*, No. 8:12-cv-1647 (M.D. Fla. June 13, 2013), Dkt. 18 (order entering judgment).

**Cause of Action and Request for Relief**

31.     Arbitral awards issued pursuant to the ICSID Convention are subject to mandatory enforcement in the courts of the United States, which must give those awards the same full faith and credit as a final judgment issued by a state court. 22 U.S.C. § 1650a(a).

32.     The Award was rendered in accordance with the ICSID Convention against Spain and in favor of Infracapital.

33.     Accordingly, Infracapital is entitled to an order (a) enforcing the Award in the same manner as a final judgment issued by a court of one of the several states, and (b) entering judgment in Infracapital's favor in the amount specified in the Award.

34.     Infracapital requests that the Court enter judgment in U.S. dollars and convert any other currency specified in the Award to U.S. dollars. *See* Award ¶ 219.

WHEREFORE, Infracapital requests that the Court enter an order:

(a)     enforcing the Award against Spain in the same manner as a final judgment issued by a court of one of the several states; and

(b)      entering judgment against Spain and in Infracapital's favor in the following amounts, converted to U.S. dollars:

(i)      EUR 24,900,000 in principal;

(ii)      EUR 3,021,604.34 in pre-award interest on that principal, which was calculated at a rate of 1.2973% compounded monthly, from June 30, 2014 through May 2, 2023;

(iii)      Post-award interest on the principal calculated at an annual rate of 2.2973% compounded monthly, from May 2, 2023, until date of entry of judgment;

(iv)      GBP 2,272,503.38, EUR 292,598.46, and USD 513,000 in arbitration costs and fees, together with interest calculated at an annual rate of 2.2973% compounded monthly, from May 2, 2023, until date of entry of judgment;

(v)      Post-judgment interest on each of the above sums at the rate specified in 28 U.S.C. § 1961.

10

Dated: Washington, D.C.
     May 1, 2026

Christopher M. Ryan
Anna Stockamore
ALLEN OVERY SHEARMAN &
STERLING US LLP
1101 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 508-8098
Facsimile: (202) 683-3999

Ifeoluwa Atinuke Kolade
(*pro hac vice* forthcoming)
ALLEN OVERY SHEARMAN &
STERLING US LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (646) 344-6609

Respectfully submitted,

*/s/ Matthew D. McGill*
Matthew D. McGill (D.C. Bar #481430)
matthew.mcgill@kslaw.com
Alexander Kazam (D.C. Bar #1708188)
akazam@kslaw.com
Nicholas A. Mecsas-Faxon (D.C. Bar #1779269)
nmecsas-faxon@kslaw.com
Courtney Stone Mirski (D.C. Bar #9001045)
cstonemirski@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

*Attorneys for Infracapital F1 S.à r.l. and Infracapital Solar B.V.*

11